Gregory S. Gewirtz
Gregg A. Paradise
Elizabeth A. Lafferty
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:   908.654.5000
Fax:   908.654.7866

*Attorneys for Plaintiff Jill Guzman Realty, Inc.*

**Document Filed Electronically**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JILL GUZMAN REALTY, INC., : <br> : <br> Plaintiff, : <br> v. : <br> : <br> JUAN CARLOS GUZMAN, : <br> : <br> Defendant. : <br> x | Civil Action No. 17-12969 |

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Plaintiff Jill Guzman Realty, Inc. ("Jill Guzman Realty" or "Plaintiff"), by way of its complaint against Defendant Juan Carlos Guzman ("Defendant"), alleges as follows:

**NATURE OF ACTION**

1. This is an action seeking, *inter alia*, pecuniary and injunctive relief from acts of the Defendant arising under the Trademark and Unfair Competition Laws of the United States, including false designation of origin and false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), common law trademark infringement, unfair competition under the common law and N.J.S.A. § 56:4-1, and misappropriation under N.J.S.A. 56:15-1 *et. seq*.

## THE PARTIES

2. Plaintiff Jill Guzman Realty is a New Jersey corporation with offices at 124 Elmora Avenue, Elizabeth, New Jersey 07202. Jill Guzman Realty is co-owned by Juan Guzman and Jill Guzman. Each of the co-owners of Jill Guzman Realty bears no relation to Defendant.

3. Upon information and belief, Defendant Juan Carlos Guzman is a New Jersey resident with an address of 111 Woodruff Place, Hillside, NJ 07205.

4. Upon information and belief, Defendant is a realtor for and the Vice President of Brewster Realtors, which has a business address of 635 Westfield Avenue, Elizabeth, New Jersey 07202.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this dispute pursuant to 15 U.S.C. § 1125(a) and 28 U.S.C. §§ 1331 and 1338(a) and (b), as a case arising under the trademark laws of the United States.

6. This Court has original jurisdiction over the claims of unfair competition pursuant to 28 U.S.C. § 1338(b), as those claims are joined with substantially related claims herein under the Trademark Laws of the United States.

7. This Court has supplemental jurisdiction over the state law claims of this Complaint pursuant to 28 U.S.C. § 1367(a).

8. Defendant is subject to personal jurisdiction of this Court under the laws of the State of New Jersey and Rule 4 of the Federal Rules of Civil Procedure because Defendant is a resident of this judicial district.

9. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c).

## BACKGROUND

10. Jill Guzman Realty has been a leading real estate company that has serviced clients in Elizabeth and the surrounding area for 30 years. Jill Guzman Realty has an office in Elizabeth, New Jersey. Jill Guzman Realty advertises its services in many ways including, *e.g.*, a billboard, promotional flyers, and on the Internet. Jill Guzman Realty utilizes the domain www.jillguzmanrealtors.com and a commercial Facebook page.

11. Jill Guzman Realty prides itself on outstanding service and devotion to its customers and has expended considerable effort to cultivate the extensive goodwill it has developed with its customers. As a means of cultivating goodwill, Jill Guzman Realty actively maintained a customer list including names and contact information for customers of the company over the past ten years.

12. The computer system that included the customer list was set up by Defendant when he was employed as Plaintiff's computer system developer.

13. The customer list was password protected. Defendant retained the password for the customer list after setting it up. Jill Guzman Realty granted employee Andres Osorio access to the list to maintain the records.

14. Jill Guzman Realty advertises with and prominently displays the color canary yellow in connection with its name. The canary yellow has been associated with Jill Guzman Realty in Elizabeth, New Jersey and the local surrounding area since it opened in the 1980s. Jill Guzman Realty advertises with the color canary yellow on promotional advertisements and on all of its signs, including the sign posted in front of its office and each of the "for sale" signs posted on clients' properties. Consumers in Elizabeth, New Jersey and the surrounding area associate the color canary yellow with Jill Guzman Realty. Consumers recognize Jill Guzman Realty as the source of real estate services connected with canary yellow in the Elizabeth area.

15. Jill Guzman Realty advertises with the slogan "[f]or 30 years, Jill Guzman Realty has been servicing the people of Elizabeth and the Greater Union County area." This slogan has been displayed on Jill Guzman Realty's promotional flyers and Facebook. Jill Guzman Realty has used this slogan, with the modification of the respective year of service, for years. Jill Guzman Realty advertises with the slogan "BUY SELL RENT" on promotional advertisements including flyers and a billboard.

### Facts Pertaining to Defendant's Wrongful Conduct

16. Defendant was first hired by Jill Guzman Realty as a computer system and website developer. While working for Jill Guzman Realty, Defendant obtained his real estate license and worked as a realtor for Jill Guzman Realty for about one year until his employment was terminated on about October 19, 2017.

17. Upon information and belief, after being terminated from his realtor position at Jill Guzman Realty, Defendant began working as a realtor and Vice President of Brewster Realtors, with his office located at 635 Westfield Avenue, Elizabeth, New Jersey 07202.

18. Upon information and belief, Defendant's social media pages, including his public, commercial accounts on Facebook, Twitter, and YouTube, prominently display the color canary yellow at the top of each page.

19. Upon information and belief, after Defendant began working at Brewster Realtors, the company has posted physical signs for available properties prominently displaying the color canary yellow. Prior to Defendant's employment with Brewster Realtors, the company's similar signs displayed the colors blue and grey and not canary yellow.

20. Upon information and belief, several days after Defendant began working at Brewster Realtors, the company's website at the domain www.brewsterrealtors.com began to prominently display the color canary yellow at the top of the page.

21. Upon information and belief, Defendant's business card for Brewster Realty prominently displays the color canary yellow.

22. Upon information and belief, Defendant's public, commercial Facebook page prominently displays the phrase "JuanCGuzmanRealty" at the top of the page and in his "About" section.  Defendant's Facebook page also prominently displays his e-mail address as "jcguzmanrealty@gmail.com."

23. Upon information and belief, the "About" section of Defendant's public, commercial Facebook page includes the slogans "[f]or 40 years, Brewster Realtors has been servicing the people of Elizabeth and the Greater Union County area" and "BUY SELL RENT."

24. Upon information and belief, Defendant has promoted listings in connection with himself and Brewster Realtors that belong to Plaintiff.  On November 3, 2017, on his commercial Facebook page, Defendant posted and advertised a first property as "SOLD!!!" and included a link to Defendant's promotional YouTube video of the property.  The property had been sold by Jill Guzman Realty on October 23, 2017, several days after Defendant's employment with Jill Guzman Realty was terminated. Also, on November 3, 2017, Defendant posted and advertised on Facebook a second property as "SOLD!!!" and included a link to Defendant's promotional YouTube video of that property.  The second property had been sold in July 2016 by Jill Guzman Realty with Juan C. Guzman as the listing agent.  Each of the YouTube videos is advertised with "Juan C. Guzman REALTOR" followed by his cell phone number and no association to either Jill Guzman Realty or Brewster Realtors brokerage firms.

25. Upon information and belief, Defendant has promoted active and past listings of Plaintiff's on his public, commercial Zillow account. The account page describes Defendant as "Team Lead of Brewster Realtors Team" and includes a list of "Active Team Listings," which includes multiple properties that are currently listed by Jill Guzman Realty having no association or affiliation with Defendant at any time. Defendant's Zillow account further includes a list of "Team Past Sales," which includes multiple properties that were purchased or sold by Jill Guzman Realty.

26. Upon information and belief, since Defendant's termination from Jill Guzman Realty, customers of Jill Guzman Realty have asked its agents if it opened a new branch or office, as there has been actual confusion as to Defendant's affiliation with Jill Guzman Realty.

27. Defendant has no association, affiliation, sponsorship, or any other connection to Jill Guzman Realty.

28. Defendant, through the foregoing conduct, is giving consumers the false impression that Defendant is currently affiliated with Jill Guzman Realty.

29. Upon information and belief, Defendant's Facebook page includes a positive review from a client dated September 11, 2016, at which point in time Defendant was an employee of Jill Guzman Realty, but the reviewing client was never a client of Jill Guzman Realty and represents a false testimonial.

30. Upon information and belief, after Defendant began working at Brewster Realtors, the company's website at domain www.brewsterrealtors.com included false testimonials. The false testimonials included use of images representing clients and Brewster realtors that were stock photos and use of clients bearing the names of famous celebrities.

31. Defendant has acted in bad faith and with deceptive intent as the misleading descriptions and representations and false advertising is widespread across many platforms.

32. Plaintiff's customer list, including customer contact information, was deleted from its computer system and a hard copy of the list was removed from its offices without its permission or knowledge. Plaintiff's principal, Jill Guzman, asked an employee, Andres Osorio for the customer list, at which point in time, Mr. Osorio advised that the customer list was no longer on the computer system. The day after notifying Ms. Guzman that the customer list was missing, Mr. Osorio gave notice that he terminated his employment with the Plaintiff. Ms. Guzman then asked Defendant to retrieve the company's customer list. Defendant stated that three weeks prior he became aware of the fact that the customer list had been lost from a conversation with Mr. Osorio and that there was nothing that could be done. Defendant failed to notify Plaintiff any time prior to being asked about the list that it was deleted from the system. Plaintiff terminated Defendant's employment shortly after the discussion about the missing customer list.

33. Upon information and belief, Mr. Osorio was employed by Defendant shortly after Defendant's employment with Plaintiff ended.

34. Defendant's conduct will continue to constitute an ongoing threat to Plaintiff and the public, and will continue to damage Plaintiff's goodwill and hard-earned reputation. Unless Defendant is enjoined from engaging in the wrongful conduct described herein, Plaintiff will suffer further irreparable harm.

**FIRST CLAIM FOR RELIEF**

**False Designation Of Origin
Section 43(a) Of The Lanham Act, 15 U.S.C. § 1125(a)**

35. Plaintiff repeats, reiterates, and realleges each and every allegation previously set forth in this Complaint in its entirety, as if set forth fully in this paragraph.

36. Plaintiff has a valid and enforceable mark in the name GUZMAN as connected with real estate services. Defendant's use of the name and mark GUZMAN associated with real estate services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the approval of Defendant's services by Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. All of the aforementioned conduct of Defendant has been willful and committed with the intent to deceive consumers.

38. Defendant continues to do the acts complained of herein, and unless restrained and enjoined, Defendant will continue to do so, all to Plaintiff's irreparable damage. Plaintiff's remedy at law is not adequate to compensate it for the injuries received and threatened.

## SECOND CLAIM FOR RELIEF
### False Advertising
### Section 43(a) Of The Lanham Act, 15 U.S.C. § 1125(a)

39. Plaintiff repeats, reiterates, and realleges each and every allegation previously set forth in this Complaint in its entirety, as if set forth fully in this paragraph.

40. By his acts set forth above, Defendant in connection with his services has used and will continue to use false and misleading descriptions of fact and false and misleading representations of fact in commercial advertising that misrepresent the nature, characteristics, and qualities of his services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. Defendant's false and misleading descriptions and representations associated with Defendant's advertisements, including those on Defendant's public, commercial social media pages, are material and are likely to influence the consumer.

42. The damages to Plaintiff's business and goodwill from Defendant's false and misleading representations are irreparable because the full extent of such damages cannot be precisely measured and compensated by a monetary award.

43. Defendant continues to do the acts complained of herein, and unless restrained and enjoined, Defendant will continue to do so, all to Plaintiff's irreparable damage. Plaintiff's remedy at law is not adequate to compensate it for the injuries received and threatened.

44. All of the aforementioned acts of false and misleading representations in commercial advertising by Defendant have been willful and committed with the intent to deceive consumers.

## THIRD CLAIM FOR RELIEF
### Common Law — Trademark Infringement

45. Plaintiff repeats, reiterates, and realleges each and every allegation previously set forth in this Complaint in its entirety, as if set forth fully in this paragraph.

46. Jill Guzman Realty has prior rights in the valid and enforceable mark of canary yellow color, which is associated with its quality services in the real estate business in Elizabeth, New Jersey and the surrounding local area. Jill Guzman Realty also has prior rights to the valid and enforceable mark of the GUZMAN name associated with real estate services.

47. Defendant's use of canary yellow on his commercial social media pages and company's website has infringed Plaintiff's rights. Defendant's acts are likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection, or

association of Defendant with Plaintiff, or as to the approval of Defendant's services by Plaintiff in violation of the common law.

48. Defendant's use of the confusingly similar name GUZMAN associated with real estate services infringes Plaintiff's rights.  Defendant's acts are likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the approval of Defendant's services by Plaintiff in violation of the common law.

49. Defendant's use of the confusingly similar color and name enables Defendant to benefit unfairly from Plaintiff's reputation and success in the local Elizabeth real estate business.

50. Defendant continues to do the infringing acts complained of herein, and unless restrained and enjoined, Defendant will continue to do so, all to Plaintiff's irreparable damage.

51. All of the aforementioned acts that are likely to cause confusion have been willful and committed with the intent to deceive consumers.

52. Plaintiff has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### Common Law Unfair Competition

53. Plaintiff repeats, reiterates, and realleges each and every allegation previously set forth in this Complaint in its entirety, as if set forth fully in this paragraph.

54. Defendant is unfairly competing by making false and misleading representations in his advertising and by using infringing marks to confuse consumers into thinking that a current connection, association, or affiliation exists between Defendant and Plaintiff.  Defendant has appropriated the goodwill and reputation of Plaintiff.  Defendant continues to do the acts complained of herein, and unless restrained and enjoined, Defendant will continue to do so, all to

Plaintiff's irreparable damage.  Plaintiff's remedy at law is not adequate to compensate it for the injuries received and threatened.

55. All of the aforementioned acts of false and misleading representations and use of infringing marks that have led to unfair competition by the Defendant have been willful and committed with the intent to deceive consumers.

## FIFTH CLAIM FOR RELIEF
### Unfair Competition Under N.J.S.A. § 56:4-1

56. Plaintiff repeats, reiterates, and realleges each and every allegation previously set forth in this Complaint in its entirety, as if set forth fully in this paragraph.

57. The aforesaid acts of Defendant constitute unfair competition and unfair business practices contrary to the laws of the State of New Jersey.

58. Defendant appropriated for his own use the name, brand, trademark, reputation, or goodwill of Plaintiff, in violation of N.J.S.A. § 56:4-1.

59. The aforesaid conduct of the Defendant caused, and unless restrained by this Court will continue to cause immediate, great, and irreparable harm to Plaintiff's property and business.

60. All of the aforementioned conduct of Defendant has been willful and committed with the intent to deceive consumers.

61. Plaintiff is without adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
### Misappropriation

62. Plaintiff repeats, reiterates, and realleges each and every allegation previously set forth in this Complaint in its entirety, as if set forth fully in this paragraph.

63. Defendant misappropriated Plaintiff's confidential customer list by taking, or directing another to take, Plaintiff's list for Defendant's own use and removing, or directing another to remove, Plaintiff's customer list from Plaintiff's computer system.

64. The aforesaid conduct of the Defendant caused, and unless restrained by this Court will continue to cause immediate, great, and irreparable harm to Plaintiff's property and business.

65. The foregoing acts of Defendant constitute misappropriation of trade secrets, and are in violation of N.J.S.A. 56:15-1 *et. seq*.

66. Plaintiff is without adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

A. a preliminary and permanent injunction against Defendant, and all those in active concert or participation with him, from:

1. using, reproducing, advertising, or promoting with the canary yellow color, or any color confusingly similar therewith, in connection with the offer or sale of any goods or services, the use of any domain name, the rendering of any service, or any commercial activity;

2. using, reproducing, advertising, or promoting any mark or name that may be calculated to represent or that has the effect of representing that the products or services of Defendant are sponsored by, authorized by, or in some way associated with Plaintiff;

3. using or reproducing any word, mark, term, symbol, or any combination thereof, which confuses or falsely represents or misleads, is calculated to confuse, falsely represent or mislead, or which has the effect of confusing, falsely presenting, or

misleading, that the services and activities of Defendant are in some way connected with Plaintiff, or are sponsored, approved, or affiliated with Plaintiff;

        4.     using, reproducing, or promoting with false descriptions of facts or false representations of fact that misrepresent the nature, characteristics, and qualities of Defendant's services;

        5.     using, reproducing, or promoting with false and misleading representations which confuse or falsely represent or mislead, is calculated to confuse, falsely represent or mislead, or which has the effect of confusing, falsely presenting, or misleading, that the services and activities of Defendant are in some way connected with Plaintiff;

        6.     using, advertising, or promoting with false testimonials, including false celebrity testimonials;

        7.     injuring the commercial reputation, renown, and goodwill of Plaintiff;

        8.     using Plaintiff's customer list that was wrongfully obtained; and

        9.     otherwise unfairly competing with Plaintiff;

B.     an accounting to determine the profits Defendant has made in connection with his services provided to customers that have employed such false and misleading descriptions and representations of fact, and an award to Plaintiff of such profits;

C.     an award of compensatory damages arising out of Defendant's violations, and a trebling of such award, as provided by 15 U.S.C. § 1117;

D.     an award to Plaintiff of its reasonable attorney fees and costs in the action on the ground that this is an exceptional case; and

E.     such other and further relief as the Court may deem just and necessary.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Jill Guzman Realty, Inc. hereby demands a trial by a jury on all issues so triable.

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff Jill Guzman Realty, Inc.*

Dated: December 12, 2017			By:   s/ Gregory S. Gewirtz
						Gregory S. Gewirtz
						Tel:   908.654.5000
						E-mail: ggewirtz@lernerdavid.com
						       litigation@lernerdavid.com

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, neither Plaintiff nor Plaintiff's attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

Dated:   December 12, 2017			LERNER, DAVID, LITTENBERG,
						 KRUMHOLZ & MENTLIK, LLP
						*Attorneys for Plaintiff Jill Guzman Realty, Inc.*

						By:   s/ Gregory S. Gewirtz
						Gregory S. Gewirtz
						Tel:   908.654.5000
						E-mail: ggewirtz@lernerdavid.com
						       litigation@lernerdavid.com